JOHN BARSBY V. N. H. WARREN & COMPANY.

FILED MARCH 3, 1896.    No. 6126.

Action Upon a Conditional Promise: JUDGMENT FOR DEFENDANT. Evidence examined, and *held* to sustain the judgment complained of.

ERROR from the district court of Fillmore county. Tried below before MORRIS, J.

*John Barsby, pro se.*

*Sedgwick & Power, contra.*

Post, C. J.

This was an action by the plaintiff in error in the district court for Fillmore county, who sought to recover upon the following agreement:

"Whereas, a certain agreement was made and entered into the 22d day of July, 1885, by and between the village of Fairmont, Fillmore county, and state of Nebraska, party of the first part, and Ira E. Williams, of said Fairmont, party of the second part, whereby the said village of Fairmont agreed to pay to the said Williams the sum of eight thousand nine hundred and sixteen dollars, upon the completion of a system of water-works described in said agreement, and the acceptance of said works by the said village of Fairmont; and whereas, said agreement has been assigned by the said Ira E. Williams to James Peabody, and the said James Peabody has assigned the same to N. H. Warren & Co.; and whereas, the said Ira E. Williams has agreed to pay John Barsby five hundred dollars out of the money to be paid by the said village of Fairmont under the said contract: Now, we, the undersigned, in consideration of the premises, agree to hold for and pay to the said John Barsby the sum of ($500) five hundred dollars as soon as we shall receive from the said village of Fairmont the said sum of eight thousand nine hundred and sixteen dollars as provided in said contract.

"Witness our hands, Chicago, March 4, 1886.

"N. H. Warren & Co."

The breach alleged is the sale and assignment by the defendants of the contract mentioned in the foregoing written agreement to Palmer, Fuller & Co. and their failure to complete the system of water-works therein referred to, whereby they, defendants, were unable to demand or receive from the village of Fairmont the sum of $8,916, or any other sum of money. Reference will hereafter be made to the answer, so far as essential to a consideration of the questions presented by the record. At the conclusion of the plaintiff's evidence a verdict was returned for the defendants under the direction of the court, upon which judgment was subsequently entered, and which it is sought to reverse by means of this proceeding.

We find in the record nothing to indicate whether or not the water-works had been completed at the date of the assignment by defendants to Palmer, Fuller & Co. It does, however, appear that the village, for reasons not disclosed, refused to pay the stipulated price of $8,916, and that an effort was made to compromise the claim for $7,000, which was defeated, the village board being evenly divided thereon, and the plaintiff, the acting mayor, declining to vote. A compromise was, however, subsequently effected, whereby Palmer, Fuller & Co. received the sum of $6,500 in village warrants in full satisfaction of their claim under and by virtue of said contract. It is evident from the pleadings that the defendants' liability is not absolute. Their undertaking, on the contrary, was to hold for and pay to the plaintiff the sum of $500 on the receipt by them of the full sum of $8,916. It is not at this time necessary to determine whether an action would

lie for a breach of the particular agreement set out, except upon the actual receipt by the defendants of the sum of money therein named. It is sufficient that they would be legally answerable for any act of theirs which would incapacitate them to demand or receive the money due from the village, to the plaintiff's damage. The rights of the plaintiff appear to have been protected in assignment by the defendants to Palmer, Fuller & Co., judging by the following letter:

"CHICAGO, Dec. 11, '90.

"JOHN BARSBY: We sold our interest in the water-works claim to Palmer, Fuller & Co., showing them our contract with you, which they assumed. As by the contract, 'we agree to hold for and pay to the said John Barsby the said sum of $500 as soon as we shall receive from said village of Fairmont the sum of $8,916, as provided in said contract.' P. & F., attorneys, when shown the contract and required by us to assume it, said, 'Very well, we will, and hope we shall have it to pay.'

"Yours truly,        N. H. WARREN & Co."

Defendants, by their answer, in effect charge that Palmer & Fuller were unable, with their assistance, after making all reasonable and necessary efforts, to collect from the village any sum on said contract in excess of the $6,500 above mentioned, and that they are not answerable for the loss resulting from such failure to the plaintiff or to Palmer, Fuller & Co. The necessary inference from the plaintiff's evidence is that the $6,500 finally paid by the village represents the amount actually due from the latter at the time of the assignment of the contract to the defendants, as well as at the date of the assignment by them to Palmer, Fuller & Co. It follows there-

from that the plaintiff's loss did not result from the defendants' alleged wrongful act, but from antecedent causes for which they, the defendants, are in nowise responsible. It follows that the judgment is right and should be

· AFFIRMED.